### No. 239
### WESTENHOVEN BROS. v. PUB. UTL. COM.
No. 18807. Supreme Court.

Dock. Oct. 30, 1924, 2 Abs. 690. On potion in error.

**891. PARTNERSHIP—Does withdrawal of one or more members destroy its entity or property of—May minors be members?**

A bus line was operated by four Westenhovens and one Louis Kretz in and out of the city of Toledo. On Sept. 13, 1923, Carl Westenhoven filed with the Public Utilities Commission, an affidavit in the name of Westenhoven Bros. operating the River Road Bus Line. The Commission made an order to Carl to operate the Bus Line and he, thinking that new schedules were to be filed, filed them in his own name. Operation continued until March 1924, when the busses were repossessed by the mortgage under terms of the chattel mortgage. At the same time insurance covering the busses was cancelled for non-payment of premiums. In August, Carl began to operate the route again, with two new busses, and sent to Columbus a new insurance policy covering the equipment.

Complaint was made to the Commission that Carl had no insurance on file, and by two former partners that Carl fraudulently applied for a certificate in his own name; and the partnership did not include a brother, Lawrence, because a minor. The Commission, on

(Continued on Page 157)

# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### No. 240
### ISTIN v. JOS. SHANE & FRANK SHANE
Ohio Appeals, 9th Dist., Summit Co.
No. 876. Decided Nov. 5, 1924.

**495. ERROR**—Judgment will be reversed when record shows error of probable prejudice to party complaining.

**1195. TRIAL**—Verdict directed for plaintiff thereby depriving defendant of setting up defense is erroneous.

PARDEE, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

Action by Jos. Shane and Frank Shane on two promissory notes. The answer alleged no consideration for the execution and delivery of the notes and also set up a general denial. At the end of plaintiff's evidence, the defendant made a motion for a directed verdict on the grounds that Jos. Shane testified positively that the notes were his and that there was no testimony showing that Frank Shane had any interest in the notes. The motion was overruled. The defendant offered no testimony, and upon motion of the plaintiffs the court directed a verdict for the plaintiffs. Judgment was reversed by the court of appeals, which held:

1. The action of the court deprived the dedefendant of setting up any set-off which he might have had.

2. The error probably did prejudice the defendant and he should not have been deprived of his constitutional right.

Washburn, J., dissenting, held that under the evidence the defendant had no defense to the notes and the record does not disclose that he was probably prejudiced by the error complained of.

Attorneys—Mottinger & Evans for Istin; Meade & Chapman for Jos. Shane and Frank Shane; all of Akron.

### No. 241
### BROWN v. CRUTCHLEY
Ohio Appeals, 7th Dist., Mahoning Co.
Decided Oct. 24, 1924.

**1271. WILLS**—To set aside will affirmative evidence is essential to overcome presumption from probate.

POLLOCK, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

George Crutchley and others brought this action in Mahoning Common Pleas against Brown and the Executor of Mary Ann Crutchley to contest the paper writing which had theretofore been admitted by the probate court as her last will and testament. The parties, both plaintiffs and defendants, were the children and grandchild and the executor under the will. Mary Ann Crutchley died in August, 1922. After her death the paper writing dated September, 1918, was admitted to probate as her will. At the time of her death she was 92 years old, and her property consisted of about 72 acres of land upon which she and her husband had resided for many years prior to his death, which occurred in 1915.

Prior to his death she and her husband had resided in one-half of the dwelling place on the property and leased the other half to Clement Brown and his wife, Laura, the latter being the daughter. After the death of Mr. Crutchley the testatrix resided in the home with the Browns. By her will she divided the farm into two parts, one-half of which she gave to Mrs. Brown and the other part she provided should be sold by her executor to pay her debts and funeral expenses and the balance should be divided equally among her children.

After her death it appeared that the part of the farm to be sold would not sell for more than enough to pay the debts and funeral expenses, which result would disinherit all of her children except Mrs. Brown. Testimony shows that Mr. Brown asked Mr. Miller, an attorney, to come out to the home to see Mrs. Crutchley and that Mr. Miller prepared the will and took with him witnesses who talked to Mrs. Crutchley alone before the will was executed.

At the trial the verdict was rendered finding that the paper writing was not the last will and testament of the testatrix. This is an action to reverse the judgment on the ground that the verdict is manifestly against the weight of the testimony, upon which ground the judgment was reversed by the Court of Appeals, holding that:

1. Granting full credit to all of the testimony of the contestants of the will, it is not of sufficient weight to overcome the preponderance of the evidence and the presumption arising from the probate of the will that this paper was not the last will and testament of the testatrix.

Attorneys—J. S. Miller and W. H. Spence, for Brown; Kistler & Oesch, for Crutchley; all of Youngstown.

## STATE COURT OF APPEALS—Continued

No. 242
### SUTLIFF v. HALL
Ohio Appeals, 9th Dist., Lorain Co.
No. 303.   Decided Nov. 1, 1924.

787.   MORTGAGES—Purchase money mortgage, cancelled on reconveyance by mortgagor, held extinguished and not subrogatable against junior lien attaching during mortgagor's possession.

1229.   VENDOR AND PURCHASER—Vendor's lien is waived by any act showing no intention to retain it—accepting mortgage not per se waiver.

WASHBURN, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Hall owned a farm which he sold to Rofe. Rofe paid a part of the purchase price and gave Hall a mortgage for the balance, and went into possession. Sutliff recovered a judgment against Rofe which he was in possession, which became a lien upon the property by operation of law. Later Rofe, unable to pay his mortgage, entered into an agreement with Hall by which Rofe transferred the farm back to Hall and gave to Hall certain personal property belonging to Rofe, in consideration of which Hall surrendered to Rofe the promissory note secured by the mortgage and duly cancelled the mortgage of record.

Thereafter Sutliff brought suit to marshall liens upon the property and for a sale of the premises for the satisfaction of his judgment. Hall claims a vendor's lien upon the premises for the unpaid portion of the purchase price and also claims that at the time Hall received his deed from Rofe and cancelled his note, Rofe had no equity in the farm. The trial court found that Sutliff had a first lien on the premises. On appeal the decree of the lower court was affirmed, holding:

1.   A purchaser of mortgaged premises who pays the mortgage extinguishes the lien and cannot claim subrogation of the mortgagee's lien to the prejudice of a junior lien claimant.

2.   The application of the above rule applies when the purchaser is also the person to whom such mortgage was given.

3.   The taking of a mortgage upon the land sold is not in and of itself a waiver of the vendor's lien.

4.   The taking of additional security for the balance due of the purchase price waives the vendor's lien.

5.   The equitable lien of the vendor of land for unpaid purchase money is waived by an act of the parties showing that the lien is not intended to be retained.

Attorneys—Rudin & Keech, Elyria, for Sutliff; R. L. Walden, Wellington, for Hall.

No. 243
### BATES v. BATES
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1212.   Decided Jan. 19, 1925.
Washburn, Funk and Pardee, JJ., sitting by designation.

465.   ERROR—Jurisdiction to review judgment, not acquired by Court of Appeals when supplemental petition in error is not filed within 70 days after its rendition.

WASHBURN, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Mary Bates brought suit in the Franklin Common Pleas to obtain a divorce from Wesley Bates. On March 25, 1924, while the case was pending, and after trial was had, and the court had announced the decision in favor of Mrs. Bates, and while motion for new trial filed by Bates was pending, and when there was no judgment disposing of the case in the Common Pleas, a petition in error was filed in the Court of Appeals by Bates and service of process was had upon Mrs. Bates. There being no judgment in the Common Pleas the Court of Appeals did not acquire jurisdiction to review the case. Arbuckle v. American Belting Co., 91 OS. 415.

Judgment was given for Mrs. Bates June 3, 1924 and Bates filed a supplemental petition in error on Dec. 8, 1924. The Court of Appeals held that it had no jurisdiction over the supplemental petition in error because it was filed in more than 70 days after the judgment was rendered on June 3, 1924.

Attorneys—Wesley Bates for himself; Frank S. Monnett, for Mrs. Bates; both of Columbus.

No. 244
### TYNROKA v. HAYDU
Ohio Appeals, 7th Dist., Mahoning Co.
Decided Oct. 24, 1924.

829.   NEGLIGENCE—Unintentional expression in charge that if the person himself contributes to his own injury, * * * the "defendant" is liable, held not misleading.

POLLOCK, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Action for personal injuries by Haydu sustained by being knocked down by Tynroka's automobile while Haydu was crossing intersection. The answer denies negligence on the part of Tynroka, and a plea of contributory negligence. In the court below the plaintiff recovered a judgment, and error is prosecuted on the grounds that the verdict is against the weight of the evidence and that the court

erred in charging as follows: "However, if such person himself contributes to his own injury or failed to exercise ordinary care for his own safety, in that event the defendant would be liable." The appeals court held:

1. That in its opinion the jury could not be misled by this expression.

2. That the verdict is not against the weight of the evidence.

Attorneys—H. T. Rapport and Wilson, Hahn, Henderson & Wilson, for Tynroka; David Shermer for Haydu; all of Youngstown.

---

No. 245
TAYLOR v. SEBRING TIRE & R. CO.
Ohio Appeals, 7th Dist., Mahoning Co.
Decided Oct. 24, 1924.

717. LICENSE—Manufacturer not liable for injuries to boy licensee caused by his falling into an open ditch constructed to carry off hot water from plant property.

POLLOCK, J.
Epitomized Opinion
Published only in Ohio Law Abstract

The Sebring Tire & R. Co. plant is located on Baugh Ave., in Sebring. The front of the building is 28 feet south of the south line of the avenue. A ditch some two feet wide and probably three or four feet deep had been dug in front of the building, extending out eight or nine feet. At the end of the ditch farthest from and parallel with the building, was a trench about the same size, extending from each side some six or eight feet, in the bottom of which there was a pipe extending out the length of the ditch from the building, used for the discharge of warm, or possibly boiling, water.

On October 6, 1922, Taylor, a minor of 12 years of age, accompanied with one or two other boys, went down to the premises of the tire company and were looking in from the outside at the workmen in the plant. There is some evidence that one of the boys went on the premises for the purpose of selling lunches to the workmen. Taylor fell into the ditch and was severely injured. At the time the accident happened it was shortly after seven o'clock and it had just become dark. At the close of the plaintiff's testimony the court directed a verdict for the defendant. On appeal the court of appeals affirmed the judgment, holding:

1. From the evidence the plaintiff could not be considered an invitee, and even if he was on the premises on business he became only a licensee.

2. The owner of private grounds owes a licensee no duty except to refrain from wanton or wilful injury to the licensee and after discovering him, to exercise ordinary care and

not expose him to hidden danger, pitfalls or obstructions.

3. The ditch in front of the factory was not a hidden danger, pitfall or obstruction.

Attorneys—W. L. Countryman for Taylor; Wilson, Hahn, Henderson & Wilson, for Sebring Tire & Rubber Co; all of Youngstown.

---

No. 246
VOLK v. COMPLETE CONST. CO.
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5396. Decided Dec. 8, 1924.

197. BUILDING CONTRACTS—Damages for failure to complete building according to plans and specifications.

693. KNOWLEDGE—By purchases, of circumstances under which construction note was given defeats his rights as against defenses that may be raised.

VICKERY, P. J.
Epitomized Opinion
Published only in Ohio Law Abstract

The original action was brought in the Cuyahoga Common Pleas, wherein Katherine Volk sought to recover damages she claimed to have been sustained by her by reason of the Complete Construction Company not performing according to contract. Facts leading up to the controversy are as follows:

Mrs. Volk d. b. a. the National Carpet & Rug Cleaning Co., started the construction of a building for purposes of her business. She had borrowed a sum of money for the construction, but it was insufficient to complete the building. The Construction Company entered into a contract to complete said building, and Volk executed to it a note for $15,000 secured by a second mortgage. By terms of the contract, $4,000 of said $15,000 was to be deducted if $11,000, the cost of the work, was paid to the Construction Co., within 60 days after completion. By stipulation the Construction Co. was not to transfer the note to a third person. The work was not completed.

One, Nally, representing a Discount Co., had transferred to him the note from the Construction Co. in full knowledge of all the circumstances underlying the transaction. Mrs. Volk, in her amended petition, alleged that she was damaged in the sum of $1,000, spent for advertising the opening of the building at a certain date; for $6,000 because she did not operate the business for 4 months following; and for $10,000, the cost to complete the building and repair work, done by the Construction Co.

The trial court suggested, and by agreement of the parties, damages were stipulated at $8,000. The Court of Appeals held:

The claim of Nally against Volk is valid, subject to the deduction of the $4,000 which was usury, and $2900 for some extras; but inasmuch as the note was taken with full know-

ledge of the circumstances, Volk has an offset against the note to the extent of $8,000, the agreed amount of damages it would take to replace building according to plans and specifications. Decree accordingly.

Attorneys—J. A. Cline and Kline & Kline, for Volk; J. W. Chaloupka, S. M. Parks and Wilkins, Cross & Daoust, for Construction Co.; all of Cleveland.

---

## No. 247
### SUPREME LIFE & CASUALTY CO. v. ELLIS
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1180. Decided Jan. 5, 1925.

1273. WITNESSES—Credibility of, as evidenced by verdict, taken into consideration by Court of Appeals in reviewing transcript.

1235. VERDICT—A unanimous one, by jury is indicative of such credibility.

BY THE COURT:—

Epitomized Opinion
Published only in Ohio Law Abstract

This case was originally tried in the Franklin Common Pleas wherein Mattie Ellis sued the Supreme Life & Causualty Co. for the insurance on the life of her deceased husband. His death, it was claimed by the Casualty Co. was the result of his taking poison. She claimed if he died of poisoning, it was taken by mistake. The Company declared that there was absence of proof of death as required by the policy and the question was one of law to be decided by the court. There was evidence which tended to controvert the innocence of Ellis; as for instance when it was claimed that the medicine, taken by deceased, contained poison, said bottle was rinsed so that no analysis could be made. The jury returned a verdict unanimously in favor of Ellis.

Error was prosecuted, and the Court of Appeals in affirming the judgment of the lower court held:

1. The fact that the jury returned a unanimous verdict carries weight with the reviewing court.

2. The credibility of witnesses as evidenced by the verdict of the jury, is taken into consideration.

Attorneys—W. E. King and Charles Wardlow for Casualty Co.; F. S. Monnett and C. R. Doll for Ellis; all of Columbus.

---

## No. 248
### WILLIAMS v. HANN
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1198. Decided Feb. 4, 1925.

1235. VERDICT—May stand upon one of several defenses submitted, when no prejudicial error exists as to that one.

ALLREAD, J.

Rollin Williams brought an action in the Franklin Common Pleas to recover commission from Floyd Hann, for the exchange of certain real estate. Hann's answer was in three defenses, a general denial, misrepresentation as to the mortgages to be assumed by him in the exchange, written contract did not express true contract, because of said representations as to the mortgage.

Motions for directed verdicts on part of both Hann and Williams were overruled, and the case was submitted to the jury, who returned a unanimous verdict in Hann's favor. On prosecution of error the Court of Appeals held:

1. There was evidence tending to prove the defense of misrepresentation upon the part of Williams; the jury was properly instructed as to the material feature of this defense, and no prejudical error existed.

2. The verdict of the jury may be upheld upon the second defense and it is immaterial whether error occurred upon the remaining defenses. Judgment affirmed.

Attorneys—August W. Weber, for Williams; James G. Westwater for Hann; both of Columbus.

---

## No. 249
### MARONEY v. COLEMAN
Ohio Appeals, 9th Dist., Summit Co.
No. 916. Decided Feb. 10, 1925.

38. ADOPTION—Power to order, of child of divorced couple, is not within the common pleas, although consent for approval to such adoption is.

WASHBURN, J.

Epitomized Opinion
Published only in Ohio Law Abstract

In 1922 the Summit Common Pleas granted a divorce to Harry Coleman from Minnie Coleman (now Maroney) for gross neglect of duty and ordered the custody of the children into the hands of their father. Thereafter an application was filed in Probate Court, by the Dabneys, by which it was sought to adopt one of the children of Coleman, and to which the father consented. Laws in Ohio provide that where the custody of children has been given to one parent, his consent to an adoption approved by the court granting the divorce, shall be sufficient to warrant the Probate Court in granting the adoption.

In all events, Coleman filed a motion in the Common Pleas, moving it to modify the decree theretofore entered by permitting the adoption of the oldest child, Alberta, by her aunt and uncle, Ethel and Elmer Dabney. Copy of motion was sent to Coleman's former wife and the motion was granted.

Minnie (Maroney) filed a petition in error, and the Court of Appeals held:

1. The Common Pleas cannot order adoption, it being within the province of the Probate Court.

2. Approval of Common Pleas is necessary

## STATE COURT OF APPEALS—Continued

to consent of father to adoption, before Probate Court can decree adoption. 8025 GC.

3. The mother in the divorce decree was permitted to see her childen and take them to her home. This is construed as partial custody and therefore her consent would have been necessary.

Order of Common Pleas is reversed.

Attorneys—Holloway & Chamberlin, for Maroney; Sheck & Stevens for Coleman; all of Akron.

### No. 250
### BROWN v. RUSSELL, et
Ohio Appeals, 6th Dist., Lucas Co.
No. 1456. Decided Jan. 12, 1925.

TAXATION—Taxes on real estate sold at delinquent tax sale, and in which individual had undivided share, cannot be paid out of his personal estate to satisfy those charged against his co-owners.

RICHARDS, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

The original action was commenced in the Lucas Common Pleas by Clara Brown against Charles Russell, the executor of the will of Noah Swayne, for the purpose of recovering $879.25 paid by Brown on a delinquent tax sale of certain real property. The trial resulted in a judgment in favor of Russell. In the course of the trial Brown introduced in evidence the record of a prior action which showed that she endeavored to recover $449.97 with interest from Swayne and others, for land which she claimed was based upon an invalid contract.

Swayne, living at that time, filed an answer in which he set forth an itemized statement of the taxes and assessments which remained unpaid and resulted in the delinquent tax sale of the property. The statement showed that most of the proceeds of the delinquent tax sale was for assessments on a sidewalk and paving of streets; a small part being for taxes. The trial court in that case found that there was due Brown the amount claimed by her, and there was due to a cross-petitioner $284.28, and the court ordered a sale of the premises, the claims to be paid in order of their priority. That judgment was affirmed by the court of appeals, and because of failure to realize her claim on the sale in the former action, Brown brought this action in Common Pleas. Judgment in which action in the Lucas Common Pleas was in favor of Russell, Executor. On error being prosecuted, the Court of Appeals held:

1. Sec. 3898 GC. authorizes a civil action for the purpose of recovering unpaid asessments, but it has this limitation. "The owner, however, shall not be liable under any circumstances beyond his interest in the property as-sessed, at the time of the passage of the ordinance or resolution to improve."

2. It would be a great injustice if one who was the owner of an undivided interest in real estate, the entire property being taken for payment of taxes and assessments, should still remain personally liable beyond the value of the property, for other taxes and assessments and these too, which were charged not only against his interest, but against the interest of his co-owners.

Attorneys—Rhoades & Rhoades for Brown; Tyler, Northup, McMahon & Smith, for Russell; all of Toledo.

### No. 251
### ROBISON v. LECHOT
Ohio Appeals, 9th Dist., Wayne Co.
No. 776. Decided Dec. 9, 1924.

829. NEGLIGENCE—

1. Wilful negligence alleged must be clearly proved.

2. When no evidence of wilful negligence appears, court must direct verdict.

3. Wilful negligence will not be inferred when acts can be attributed to negligence or inattention.

WASHBURN, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

Maude Robison brought an action for the wrongful death of her son, Atlee Robison, who was 17 years of age. The deceased boy, with the knowledge and consent of Lechot, attached his hand sled to the rear spring of the automobile by a rope about 12 feet long. The plaintiff claimed the driver drove his car at a dangerous rate of speed and wilfully injured him. At the close of plaintiff's case the trial court directed a verdict for defendant. In affirming the judgment, the court of appeals held:

1. As the action was based upon a wilful tort it was necessary for the plaintiff to present evidence tending to prove a wilful tort, which necessarily included knowledge on the part of the defendant that the sled on the part of the boy was attached to his automobile, for without the element of defendant's knowledge of the danger of the boy, or of such conscous indifference to consequences as would be the equivalent of wilful and intentional injury, there would be no recovery.

2. As there was no evidence of wilful negligence, the trial court committed no error in directing a verdict.

3. A wilful injury will not be inferred when the result may be reasonably attributed to negligence or inattention.

Attorneys—Jos. Fritz and K. E. Hoover, for Robison; T. W. Orr and A. D. Metz, for Lechot.

No. 252
STATE, ex v. BUCHER, et al.
Ohio Appeals, 9th Dist., Wayne Co.
No. 790. Decided Dec. 9, 1924.

**107. ASSIGNMENTS FOR BENEFIT OF CREDITORS**—Exemption claims are properly adjudicated by probate court in assignments for creditors.

**1027. RES ADJUDICATA**—All adjudications in probate are res adjudicata.

**489. EXEMPTIONS**—Claim for exemption in lieu of homestead property made by debtor on assignment for creditors.

FUNK, P. J.

Epitomized Opinion
Published only in Ohio Law Abstract

This was a suit for a writ of mandamus commenced in the court of appeals for Wayne county by Yockey to compel the sheriff to set off to him certain chattel property as exempt under the exemption laws of the state in lieu of a homestead. In 1924 one Rush obtained two judgments against plaintiff and his wife upon two promissory notes given as a part of the purchase price of certain chattel property. Shortly thereafter Yockey made a deed of assignment for the benefit of his creditors reserving his exemptions. The inventory, after setting off certain property as exempt, appraised certain other personal property at $207 which was selected by Yockey in lieu of his homestead. Shortly thereafter this property was seized by the sheriff whereupon this suit was instituted. In refusing the writ, the court held:

1. The probate court has full jurisdiction to adjudicate all questions of exemptions in matters of assignment.

2. When the appaisers inventoried the property in question, as assets of the assignee, and made the statement on said schedule they did concerning said property being under levy by the sheriff, plaintiff had the right to make application under 11112 G. C. to require the appraisers to set off said property to him as exempt.

3. Where a party was present and a party to the proceedings in one court, he cannot later raise the same question by another form of action in another court for the former adjudiciation is res adjudicata.

Attorneys—L. D. Cornell for Yockey; Weygandt & Ross, for Bucher, et al; all of Wooster.

No. 253
DAVIS v. WEBBER

Ohio Appeals, 7th Dist., Mahoning Co.
Decided Dec. 17, 1924.

**991. RAILROADS**—

1. Operation of moving intra-state cars held not interstate commerce.

2. Injured employe held engaged in interstate commerce where merely moving intrastate cars as separate operation.

3. When there is no evidence that railroad knew that obstructions had been placed along its tracks, or had a reasonable opportunity of knowing railroad held not liable.

FARR, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Webber brought an action against the Director General of Railroads to recover for personal injuries. A yard switchman was injured, while riding on the front footboard of his switch engine and going in on the house track. A board sticking out from underneath the freight platform caught his right limb between the plank and the front of the engine, from which he sustained serious injury. The evidence was in conflict as to how the plank got there, but there was some testimony indicating that it had been placed there by some boys. At the time of the accident the plaintiff was assisting in the removal of three cars which were to be moved only a short distance. The jury returned a verdict for the plaintiff in the sum of 20,000. Court of appeals reversing judgment, held:

1. A man engaged in moving intra-state cars preliminary to receiving interstate cars is not engaged in interstate commerce.

2. As the switchman moved the cars for the purpose of an intra-state movement at the moment of the accident the crew was engaged in intra-state commerce.

3. As there was, no evidence tending to show that railroad or anyone in its employ had the plank at the platform or used it, or placerd it where it did the injury or that a sufficient length of time elapsed to charge the Director General with notice, under the circumstances the finding of the jury as to the placing of the plank was manifestly against the weight of the evidence.

Attorneys—Harrington, DeFord, Huxley & Smith, for Davis; John Ruffalo and C. J. Wall, for Webber; all of Youngstown.

No. 254
LOWE v. TIRE CLEARING HOUSE CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5253. Decided Nov. 3, 1924

**313. CORPORATIONS**—

1. When corporate existence is at issue, each party has right to produce evidence on the subject.

2. Person deriving benefits from de facto corporation, is estopped from later questioning corporate existence.

SULLIVAN, J.

Epitomized Opinion
Published only in Ohio Law Abstract

The Tire Clearing House Co. brought an ac-

tion for breach of contract against one Lowe. The plaintiff secured a verdict for $9,500. Lowe then claimed that the plaintiff was a de facto corporation and could not maintain an action as a corporation. The plaintiff offered the articles of incorporation in evidence. Lowe attempted to cross examine upon the legal effect of the charter by propounding numerous questions as to whether certain statutory requirements have been fulfilled or complied with. The trial court refused to allow these questions upon the ground that the defendant was estopped to deny corporate capacity by reason of its contracting with the Tire Clearing House Co. In affirming the judgment of the lower court, the court of appeals held:

1. When an issue of corporate existence is made and evidence is offered to show corporate existence, it is error for the court to refuse to permit the attacking party to cross examine upon various regularities in forming said company.

2. When a contract has been made from which a party has derived benefits, estoppel applies.

Attorneys—Philip R. White for Lowe; David & Heald, for Tire Clearing House Co.; all of Cleveland.

---

No. 255
SCIOTO VALLEY RY. CO.v. SCHWARTZ
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1221. Decided Feb. 1925.
829. NEGLIGENCE—

1. Contributory negligence of plaintiff is a question for jury to consider.

2. Reasonable care is to be exercised by railway motormen to be on lookout for persons using private crossing.

ALLREAD, J.
Epitomized Opinion
Published only in Ohio Law Abstract

Samuel Schwartz brought suit against the Scioto Valley Railway and Power Company in an effort to recover damages for an injury resulting out of a collision with a traction car of the Railway Co. and a tractor owned and operated by Schwartz at the occurence of the accident. Schwartz alleged negligence on part of the Traction Co. and his allegations consist of:

1. Defective private crossing.
2. Negligence in operating its cars.
3. Negligence of operators of the traction car in failing to stop its car after such agents knew or should have known that tractor was stalled upon the tracks. The Railway Co. set up contributory negligence of Scwartz as a defence, and the case went to the jury, which returned a verdict for Schwartz for $2,064.

Error was prosecuted to the Court of Appeals by the Traction Co., and it held:

1. Whether crossing was defective, was issue for the jury to consider.

2. Traction Company owed duty to operate with due care under circumstances; requiring motormen to keep a reasonable lookout for persons who might be using the private crossing, and it was the duty of the person in charge of car to use ordinary care to stop the car or to otherwise avoid the injury.

3. Questions of contributory negligence are for the jury to consider.

Finding no prejudicial error the judgment was affirmed.

Attorneys—Oscar W. Newman for Railway Co.; James M. Hengst, for Schwartz; all of Columbus.

(Continued from Page 149)
WESTENHOVEN BROS. v. PUB. UTL. COM. hearing found that a partnership consisting of Carl and Lawrence never existed; and the certificate which had been issued to Carl was revoked. The Commission overruled applications for a new hearing, and Westenhoven took the case to the Supreme Court contending:

1. That the withdrawal of one or more members from a partnership did not destroy the entity or property thereof.

2. That a minor may be a member of a partnership in Ohio, his contract being voidable at his option and not void.

Attorneys—Hackett and Lynch, Toledo, for Westenhoven; C. C. Crabbe and J. W. Bricker, Columbus, for Commission.

